DAVID LOPEZ, ESQ.  DL-6779
*Attorney for Plaintiffs*
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Tel:     631.287.5520
Fax:    631.283.4735
Email: DavidLopezEsq@aol.com

Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER LAW PLLC
*Attorney for Plaintiffs*
885 Park Avenue 2A
New York, New York 10075
Tel:     323-790-4881
Email:  MiriamTauberLaw@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEBORAH DONOGHUE and AARON RUBENSTEIN, <br><br> Plaintiffs, <br><br> v. <br><br> STRATUS PROPERTIES, INC., <br><br> Nominal Defendant, <br><br> and <br><br> CARL E. BERG, <br><br> Defendant. | No. 16-cv-9110 / _____ <br><br> **COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78(p)(b)** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

**DEBORAH DONOGHUE** and **AARON RUBENSTEIN**, by David Lopez, Esq., and Miriam Tauber, Esq., their attorneys, complaining of the Defendants, respectfully allege the following upon information and belief, except as to Paragraph 2, which Plaintiffs allege on personal knowledge.

1

## JURISDICTION

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

## THE PARTIES AND VENUE

2. Plaintiffs are security owners of STRATUS PROPERTIES, INC. ("Stratus" or the "Company"), a Delaware corporation with principal offices at 212 Lavaca Street, Suite 300, Austin, Texas 78701.

3. At all times relevant the common stock of Stratus was registered under Section 12(g) of the Act and was and is traded on the NASDAQ Exchange located within this District. One or more of the purchases or sales to be described took place upon or through the facilities of such exchange.

4. This action is brought in the right and for the benefit of Stratus which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant, Defendant CARL E. BERG ("Mr. Berg") was an insider of Stratus, to wit: a more-than 10% beneficial owner of a class of equity security, both individually and as an admitted member of a Section 13(d) "group," and thereby a fiduciary.

6. Mr. Berg maintains a principal place of business or is found at 10050 Brandley Drive, Cupertino, California 95014.

## STATUTORY REQUISITES

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8.      Demand for prosecution was made on Stratus by Plaintiff Aaron Rubenstein on September 8, 2016, and by Plaintiff Deborah Donoghue on September 9, 2016.

9.      By letter dated November 8, 2016, Kelly C. Simoneaux, Esq., of Jones Walker LLP, counsel to Stratus and acting on its behalf, stated that the Board of Directors of Stratus "…has determined that it will not seek recovery from Mr. Berg…." Additionally, on November 10, 2016, Ms. Simoneaux clarified that Stratus had "not contacted Mr. Berg" regarding the short swing trading identified in Plaintiffs' demand letters. Further delay in the filing of suit would be a futile gesture.

10.     This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

## FIRST CLAIM FOR RELIEF

11.     Mr. Berg entered into a privately negotiated transaction on May 5, 2016, whereby Mr. Berg sold 45,000 shares of Stratus common stock to his counterparty and also acquired an option from the counterparty to repurchase between 15,000 and 45,000 of such shares at a fixed price of $18 per share. Mr. Berg's acquisition of the fixed-price option is deemed equivalent to his purchase of the underlying shares of Stratus common stock for purposes of Section 16(b) under applicable SEC rules and regulations.

12.     During the period from July 14, 2016 through September 1, 2016, Mr. Berg sold 1,260,000 shares, more or less, of the common stock of Stratus, within a period of less than six months of the option acquisition.

13. On or about July 19, 2016 Mr. Berg purported to "rescind" the May 5 transaction described in Paragraph 11 above in its entirety, including his sale of shares and acquisition of an option constituting a Section 16(b) purchase of the underlying shares of Stratus common stock, with the intended purpose or effect of avoiding short swing trading liability for trades already made and to be made subsequently, as recited herein.

14. Such "rescission" was and is ineffectual as a matter of law to extinguish Mr. Berg's Section 16(b) liability. Moreover, Mr. Berg's purported "rescission" of the May 5 transaction is further deemed to constitute additional Section 16(b) purchases and sales by Mr. Berg—i.e., his "repurchase" of the shares of Stratus common stock he previously sold, and his disposition, cancellation, or "sale" of the option he previously acquired, under the purportedly "rescinded" transaction.

15. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest-out" method to produce profits recoverable from Mr. Berg. The amounts of such profits are unknown to Plaintiffs but are estimated to approximate $36,000.

16. Such profits are recoverable on behalf Stratus by Plaintiffs as shareholders of Stratus, the latter having refused to recover in its own right and for its own benefit.

## SECOND CLAIM FOR RELIEF

17. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

18. Mr. Berg, acting during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold, or sold and purchased, equity securities or equity security equivalents of Stratus, including but not limited to those described in

the FIRST CLAIM FOR RELIEF, within periods of less than six months of each other while an insider and thereby a fiduciary of Stratus.

19. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider and fiduciary of Stratus, Mr. Berg realized profits, the exact amounts thereof being unknown to Plaintiffs, which profits inure to the benefit, and are recoverable by Plaintiffs on behalf of Stratus.

**WHEREFORE**, Plaintiffs demand judgment:

a) Requiring Mr. Berg to account for and to pay over to Stratus the short swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiffs their costs and disbursements, including reasonable attorney's, accountant's and expert witness fees; and

c) Granting to Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 22, 2016

Respectfully submitted,

*s/ Miriam Tauber*

_____
Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER LAW PLLC

*Attorney for Plaintiffs*